

**FILED**
at Santa Fe, NM

UNITED STATES DISTRICT COURT

AUG 2 5 2006

DISTRICT OF NEW MEXICO

MATTHEW J. DYKMAN
CLERK

IN RE: SUBPOENAS *DUCES TECUM*
ISSUED BY THE U.S. DISTRICT
COURT FOR THE DISTRICT OF
NEW MEXCIO IN:

Case No. MC-06-20 MV

JOANNE SIEGEL and LAURA
SIEGEL LARSON,

      Plaintiffs,

      v.

WARNER BROS. ENTERTAINMENT
INC., et al.,

      Defendants.

Case Nos. CV 04-8400; 04-8776
(Consolidated for Discovery
Purposes)

Action Pending in the U.S. District
Court for the Central District of
California

DECLARATION OF MARC TOBEROFF, ESQ.  IN
OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
PURSUANT TO SUBPOENA DUCES TECUM,
FOR CONTEMPT, AND FOR ATTORNEYS FEES



1

## DECLARATION OF MARC TOBEROFF

I, Marc Toberoff, declare as follows:

1.      I am an attorney at the Law Offices of Marc Toberoff, PLC, counsel of record for Mark Warren Peary and Jean Adele Peavy (the "Shuster Heirs" or the "Shusters"). I am a member in good standing of the State Bar of California and submit this declaration in opposition to defendants' ("Defendants") Motion to Compel Production of Documents, for Contempt and for Attorneys' Fees. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Mark Warren Peary ("Warren") and Jean Adele Peavy ("Jean") are the sister and nephew, respectively, of Joseph Shuster ("Shuster"), now deceased, the illustrator of the original "Superman" comic books. Warren is Jean's son and the recently appointed executer of Shuster's estate.

3.      I represent Joanne and Laura Siegel (the "Siegels" or "Plaintiffs"), widow and daughter of Jerry Siegel, the co-author of the world renowned comic book hero, "Superman," and the sole author of "Superboy." I represent them in declaratory relief actions in the Central District Court of the State of California regarding their proper exercise of their right under section 304(c) of the 1976 United States Copyright Act, 17 U.S.C. § 304(c), to recapture Jerry Siegel's original copyrights in "Superman" and "Superboy" by serving statutory notices on April 3, 1997 and March 8, 2002, respectively terminating Siegel's prior grant(s) of "Superman" and "Superboy" to Defendants' predecessor(s).

4.      A true and correct copy of Judge Ronald S. Lew's March 23, 2006 Order granting Joanne and Laura Siegel's motion for partial summary judgment in the "Superboy" action is attached hereto as Exhibit "A."

5.      On May 13, 2005, I caused Defendants' attorneys herein to be served with the Siegels' first set of requests to DC for production of documents.

2

6.   On May 13, 2005, I caused Defendants' attorneys to be served with the Siegels' first set of requests to WB for production of documents.

7.   On June 13, 2005, Defendants DC and WB served my law offices with responses to the Siegels' respective requests for production.

8.   In response to the Siegels' first set of requests for production, DC made a portion of their non-privileged documents available for copying on August 9, 2005. A true and correct copy of the letter from Weinberger to me dated August 9, 2005 informing me of this is attached hereto as Exhibit "B."

9.   Defendant DC did not serve a privilege log on my law offices until April 7, 2006. A true and correct copy of the letter from Weinberger to me dated April 7, 2006 enclosing DC's privilege log is attached hereto as Exhibit "C."

10.   In response to the Siegels' first set of requests for production served on WB on May 13, 2005, WB first made documents available to Plaintiffs for copying on June 2, 2006. A true and correct copy of the letter dated June 2, 2006 from Defendants' attorneys informing me of this is attached hereto as Exhibit "D."

11.   WB subsequently served their privilege log on my law offices on June 27, 2006. A true and correct copy of the letter dated June 27, 2006 from Defendants' attorneys to me enclosing their privilege log is attached hereto as Exhibit "E."

12.   In April, 2006, soon after the Shusters had been served with Defendants' subpoenas ("Subpoenas") , I discussed with Defendants' lead trial counsel Roger Zissu ("Zissu"), the possibility of holding the Shusters' depositions in Los Angeles the week of June 21, 2006 when they were expected to attend the premiere of Defendants' movie, "Superman Returns" (the "Premiere"). As the parties were also seeking to schedule Joanne and Laura Siegel's depositions at this time, this suggestion was met with Mr. Zissu's approval. I was also at this time in contact with Warner Bros.' Senior Litigation counsel, Wayne Smith ("Smith"), arranging the details of the Shusters' attendance at the Premiere. Mr. Smith was equally receptive to the taking of the Shusters' depositions

while they were in Los Angeles. The parties' discovery plan resulted in the depositions of
the Shuster being taken "off calendar" by Defendants until at least the week of June 21,
2006 when the Shusters were expected in Los Angeles to attend the Premiere. At this
time I also instructed the Shusters to locate documents responsive to Defendants'
Subpoenas.

13.     On May 3, 2006, Defendants' counsel Patrick Perkins ("Perkins") sent me
an email requesting available dates for the Shusters' deposition. I answered his email the
same day, reiterating my suggestion that the depositions be held around June 21, 2006 in
Los Angeles, during the week of the Premiere as this would be convenient for the parties.
Perkins rejected this proposal via an email sent May 31, 2006. I reemphasized my request
via email the same day.

14.     Perkins rejected my repeated requests to have the Shusters' depositions
held in Los Angeles during the Premiere. From May 3, 2006 until June 19, 2006, when
Perkins claimed there was no possibility of taking the Shuster depositions during their
visit to Los Angeles for the Premiere, Perkins never offered any alternative dates to hold
the Shusters' depositions. On June 19, 2006, Perkins sent an email claiming there was no
possibility of taking the Shuster depositions during their visit to Los Angeles.

15.     The Shusters produced documents responsive to the Subpoenas and
relevant to the Siegel Litigations on July 14, 2006.  A true and correct copy of the July
14, 2006 cover letter accompanying the document production is attached hereto as
Exhibit "F."

16     At Perkins' request, the Shusters and I readily agreed to hold their
depositions in Santa Fe on August 8 and 9, 2006, respectively.

17.     On August 1, 2006 Defendants filed their Motion to Compel Production of
Documents in the U.S. District Court, District of New Mexico.  Perkins informed me of
the filing via email August 2, 2006. At this time he also cancelled the Shusters' August 8

4

and 9, 2006 depositions. The Shusters remain ready to have their depositions taken. A true and correct copy of Perkins August 2, 2006 email is attached hereto as Exhibit "G."

18.     The Shusters, in an effort to amicably resolve the discovery dispute, renewed their search for responsive documents. I furnished to Perkins a supplemental production of what they found on August 11, 2006. This production included both the Shuster's Notice of Termination as well as probate documents for Joseph Shuster, including his will. A small privilege log was also submitted at this time. I am informed and believe the Shusters have turned over all responsive documents. True and correct copies of the Shusters Objections to Defendants' Subpoena dated August 11, 2006 and the Shuster's privilege log are attached hereto as composite Exhibit "H."

19.     On August 14, 2006, the Shusters, on their own initiative, produced a fully executed copy of a partially executed agreement produced on August 11, 2006 in further compliance with the Subpoenas. A true and correct copy of the August 14, 2006 cover letter accompanying the document production is attached hereto as Exhibit "I."

20.     In response to Perkins' subsequent objection to the particular wording of the Shusters' August 11, 2006 written objections, they amended their objections. A true and correct copy of the Shusters' Amended Objections to Defendants' Subpoena dated August 16, 2006 is attached hereto as Exhibit "J."

21.     A true and correct copy of the August 1, 1992 letter signed by Paul Levitz, Frank Shuster, and Jean Shuster Peavy is attached hereto as Exhibit "K."

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on August 25, 2006 in Los Angeles, California.

_____
Marc Toberoff

5

# EXHIBIT A

FILED
CLERK, US DISTRICT COURT

MAR 23 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT

MAR 24 2006

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

JOANNE SIEGEL & LAURA          )     CV 04-8776 RSWL (RZx)
SIEGEL LARSON,                 )
                               )
        Plaintiffs             )
                               )     ORDER
    v.                         )     GRANTING PLAINTIFFS'
                               )     MOTION FOR PARTIAL
                               )     SUMMARY JUDGMENT &
TIME WARNER, INC.,             )     DENYING DEFENDANTS'
et al.,                        )     MOTION FOR SUMMARY
                               )     JUDGMENT
                               )
                               )
        Defendants.            )
                               )
                               )

DOCKETED ON CM

MAR 24 2006

BY            003

        Plaintiffs Joanne Siegel and Laura Siegel Larson's

Motion for Partial Summary Judgment and Defendant Time

                                1

1   Warner, Inc.'s Motion for Summary Judgment came on regularly

2   for hearing on March 20, 2006.  This Court has considered

3   all of the papers and argument submitted on the matter and

4   NOW FINDS AND RULES AS FOLLOWS:

5

6       As a preliminary matter, this Court **GRANTS** Plaintiffs'

7   and Defendants' requests for Judicial Notice pursuant to

8   Fed. R. Evid. 201.

9

10      This copyright dispute arises out of facts stemming

11  back to 1938 and earlier, and including two previous cases

12  in 1947 and 1973.  Plaintiffs in this case are Joanne

13  Siegel, widow of Jerome Siegel,[1] and their daughter, Laura

14  Siegel Larson.  Jerome Siegel and Joseph Shuster are the

15  creators of Superman.  Jerome Siegel is the originator,

16  creator of Superboy with Joseph Shuster providing much of

17  the illustration.  Defendants in this case are Time Warner

18  Inc., the parent company of DC Comics ("Defendants").  DC

19  Comics predecessor in interest was National Comics

20  Publications, Inc. ("National") and its predecessor in

21  interest was Detective Comics ("Detective").

22

23      In 1947, Jerome Siegel and Joseph Shuster sued National

24  in the New York Supreme Court for the County of Westchester

25  _____

26      [1] Jerome Siegel passed away on January 28, 1996.

2

1   ("the state court action") seeking a determination that
2   their March 1, 1938 contract was void. Additionally, the
3   state court action sought to determine who owned the rights
4   to Superman and to Superboy.

5

6      On November 1, 1947 Judge Addison Young, the official
7   referee in the state court action, rendered a detailed
8   interlocutory judgment. Then on April 12, 1948, Judge Young
9   signed a detailed findings of fact and conclusions of law.
10  He found that Jerome Siegel was the originator and sole
11  owner of the comic strip feature Superboy with the sole and
12  exclusive right to create, sell, and distribute the comic
13  strip under the title Superboy.

14

15     On May 19, 1948 the parties entered into a stipulation
16  to settle and on May 21, 1948, the Court entered a consent
17  judgment, vacating in all respects the interlocutory
18  judgment. The stipulation provided for a payment of
19  approximately $94,000.00 by National in exchange for
20  ownership in both Superman and Superboy.

21

22     In 1973, Siegel and Shuster again sued National in the
23  Southern District of New York seeking declaratory relief
24  that they were entitled to the copyright renewal rights of
25  Superman. National counterclaimed for a finding of
26  declaratory relief in its favor. District Judge Lasker

1  granted National's Motion for Summary Judgement dismissing
2  the complaint and finding "National to be the owner of the
3  copyright of all Superman strips during the renewal term."
4  Siegel & Shuster v. National Periodical Publications, Inc.,
5  364 F. Supp. 1032, 1033 (S.D.N.Y. 1973).

6

7       Judge Lasker noted that the findings of the State
8  Supreme Court of Westchester were binding on the district
9  court. Id. (citing to Vernitron Corp. v Benjamin, 440 F.2d
10 105, 108 (2d Cir. 1971)). Judge Lasker made a clear
11 distinction between (1) the findings of fact of the state
12 court and (2) the stipulated settlement and resulting
13 consent judgment.  Siegel & Shuster, 508 F.2d at 913.

14

15      Siegel and Shuster appealed and the Second Circuit
16 affirmed finding that the district court "properly decided
17 that the state court judgment of May 21, 1948 effectively
18 estopped the plaintiffs from relitigating the issue of
19 ownership of the renewal copyright." Siegel & Shuster v.
20 National Periodical Publications, Inc. et al., 509 F.2d 909,
21 912-13 (2d Cir. 1974).

22

23      In November 2002, Jerome Siegel's widow and daughter
24 served notices of termination for the Superboy copyrights
25 pursuant to Section 304(c).  Today, Plaintiffs seek a
26 determination that they effectively terminated Defendants'

4

1  renewal rights in Superboy pursuant to 17 U.S.C. § 304(c) on

2  November 17, 2004.

3

4      17 U.S.C. § 304(c) provides for termination of

5  transfers and licenses covering the extended renewal term.

6  Under the 1901 Copyright Act, protection was divided into

7  two separate consecutive terms of twenty-eight years: the

8  "initial term" and the "renewal term." But as most

9  authors/creators were required to contract away both the

10 initial and renewal periods at the same time, they were

11 effectively denied the protection Congress sought to

12 provide.

13

14     As a result, on January 1, 1978, the 1976 Copyright Act

15 took effect significantly enhancing the rights of authors

16 and their heirs. 19 U.S.C. § 101, et seq. The 1976 Act

17 extended the renewal term from 28 to 47 years, for works in

18 their renewal term when the 1976 Act took effect. Along with

19 adding 19 years to the renewal term period, the 1976 Act

20 coupled the extension with a new right of authors and their

21 heirs to recapture the renewal of the copyright in works by

22 terminating any prior grant of the work executed before

23 January 1, 1978. 17 U.S.C. § 304(c). It is under this

24 provision that Plaintiffs have sought to recapture Jerome

25 Siegel's ownership in the Superboy copyrights.

26

5

1    Fundamental to the arguments presented by both

2 Plaintiffs and Defendants is the effect of the interlocutory

3 judgment issued by Judge Young on November 21, 1947 and the

4 detailed findings of fact and conclusions of law he issued

5 on April 21, 1948.

6

7    Currently, Defendants attempt to relitigate issues

8 determined in the 1947 state court case.  Defendants argue

9 vigorously that only the consent judgment has any preclusive

10 effect and that Judge Young's findings of fact have no

11 effect whatsoever on this litigation.  Defendants take this

12 position because their desired outcome is consistently in

13 direct conflict with the findings issued by Judge Young.

14 Specifically, Judge Young's findings contradict Defendants'

15 assertions regarding(1) the ownership of Superboy; (2)

16 whether Superboy is simply a derivative work of Superman;

17 and (3) whether Superboy was a "work for hire" solely owned

18 by Defendants' predecessors in interest, National and

19 Detective.

20

21    Defendants' current argument that Judge Young's

22 findings are not binding contradicts the position taken by

23 their predecessors in interest in the 1973 litigation and

24 the 1974 Second Circuit appeal regarding Superman. In

25 applying the doctrine of res judicata in favor of

26 Defendants, Judge Lasker precluded, and the Second Circuit

6

1  affirmed, Plaintiffs from litigating the issue of ownership
2  of the renewal period of the Superman copyrights.
3

4      Having relied on Judge Young's findings for previous
5  favorable determinations regarding Superman, Defendants now
6  take the inconsistent position that this Court is not bound
7  by the state court findings, as they relate to Superboy.
8  Defendants attempt to raise genuine issues of material fact,
9  where the facts were clearly determined by Judge Young after
10 the opportunity to take evidence and hear testimony on that
11 evidence from the parties directly involved in creating this
12 relationship.
13

14     Contrary to Defendants' assertions now, both the
15 Southern District of New York and the Second Circuit looked
16 directly to, even citing to, Judge Young's findings of fact.
17 This Court holds that it is consistent to continue this
18 position and will look to Judge Young's findings as binding
19 where relevant.  Here, while the consent judgment vacated
20 the interlocutory judgment in its entirety, this Court in
21 keeping a consistent position with the previous litigation
22 holds that Judge Young's findings of fact have preclusive
23 res judicata and collateral estoppel effect on this Court.
24

25     This Court now finds that Plaintiffs have availed
26 themselves of their legal right to recapture the Superboy

7

1   copyrights pursuant to 17 U.S.C. § 304(c) and 37 C.F.R.
2   210.10.  As such, this Court **GRANTS** Plaintiffs' Motion for
3   Partial Summary Judgment.

4

5        Defendants argued that Plaintiffs' Superboy notices of
6   termination are ineffective, because the 1976 Act specifies
7   that only grants relating to "any copyright subsisting in
8   either its first or renewal term on January 1, 1978" are
9   subject to Section 304(c).

10

11        However, Plaintiffs presented uncontroverted evidence
12   supporting that the Superboy copyright was in fact
13   subsisting in its renewal term as of the 1976 Act's
14   effective date.  Specifically, Plaintiffs pointed to the
15   fact that the copyright in the serialized magazine, *More Fun*
16   *Comics*, No. 101 was secured on November 23, 1944 with
17   registration number B653651 and then renewed on July 17,
18   1972, twenty-eight years later, by National under renewal
19   registration number R532582.  In the 1947 state court
20   action, Judge Young specifically determined that Detective
21   Comics published the Superboy comic strip based upon the
22   idea, plan, and conception of Siegel, in a magazine entitled
23   *More Fun Comics*.

24

25        Alternatively, Defendants argued that, even if the
26   copyrights were subsisting in their renewal period as of

8

January 1, 1978, Plaintiffs' notices of termination are
ineffective as the submissions are not eligible for
termination as "works made for hire."  The Ninth Circuit has
summarized the work for hire doctrine as follows:

> When one person engages another, whether as
> employee or as an independent contractor, to
> produce a work of an artistic nature, . . . in the
> absence of an express contractual reservation of
> the copyright in the artist, the presumption arises
> that the mutual intent of the parties is that the
> title to the copyright shall be in the person at
> whose instance and expense the work is done.

Self-Realization Fellowship Church v. Ananda Church of Self-
Realization, 206 F.3d 1322, 1326 (9th Cir. 2000) (quoting
Lin-Brook Builders Hardware v. Gertler, 352 F.2d 298, 300
(9th Cir. 1965)).

Defendants' argument that Superboy was a work for hire
fails, as this conclusion directly conflicts with Judge
Young's findings in the state court action. Specifically,
Judge Young found that

(1)  Under Siegel and Shuster's September 12, 1938 agreement
     with Detective Comics, they were to provide Detective
     with the right of first refusal and a six week

9

1   consideration period.[2]

3 (2) On November 30, 1938, Siegel submitted in a writing
4    mailed to Detective for its consideration a synopsis,
5    summary of idea, conception, plan for a new comic known
6    as Superboy pursuant to the September 12, 1938
7    agreement.[3]

9 (3) Detective declined to indicate its election to publish
10    Superboy within the six weeks and on December 2, 1938
11    Detective by letter to Siegel elected not to publish
12    Superboy.[4]

14 While not mentioning the term "work for hire," Judge
15 Young's findings naturally implicate the question.  Here a
16 presumption of "work for hire" cannot be found in
17 Defendants' favor, since not only did Judge Taylor find that
18 Defendants elected not to publish Superboy, but he also

---

[2] Judge Young found that Siegel independently created his original Superboy Synopsis and Superboy Story under the terms of the September 12, 1938 agreement between Siegel and his publisher, which permitted him to create new comic strip concepts and stories outside the five Siegel and Shuster were currently producing for Detective. The agreement only allowed Detective a right of first refusal to accept/reject within six weeks of a new submission. [Decl. Toberoff Exh. B, Pg. 32 FOF 156-159, 160-162].

[3] [Decl. Toberoff Exh. B, Pg. 32 FOF #155, 156].

[4] [Decl. Toberoff Exh. B, Pg. 32 FOF #158, 159].

10

1  found that Plaintiff Siegel and, not National, was the sole
2  owner of the Superboy property.  This finding will not
3  support a contrary conclusion that the "mutual intent of the
4  parties" was to have ownership of Superboy always be in
5  Detective or National, and therefore, the Defendants in this
6  action.

7

8      Alternatively, Defendants argued that Siegel created
9  Superboy as a derivative work based upon a pre-existing
10 original work whose copyright was owned by the hiring party,
11 and is therefore "produced at the instance and subject to
12 the right and control of the employing party." See Playboy
13 Enters. Inc. v. Dumas, 53 F.3d 549, 554 (2d Cir. 1995).

14

15     Here again, Defendants' argument that Superboy is
16 simply a "derivative work" of Superman is unpersuasive.  The
17 1947 state court action specifically addressed the ownership
18 rights to Superman and Superboy separately.  Defendants'
19 attempt to recast Superboy as a "derivative work" or "work
20 for hire," stands is stark contrast to Judge Young's
21 conclusion that Detective/National was "perpetually enjoined
22 and restrained from creating, publishing, selling, or
23 distributing" Superboy, based on the fact that Siegel was
24 the sole and exclusive owner.[5] Defendants' argument also

25 _____

26      [5] [Decl. Toberoff Exh. B, Pg. 5-6 COL # 25].

11

1  contradicts the fact that Siegel subsequently transferred
2  his exclusive interest in Superboy to National in the May
3  19, 1948 stipulated settlement.  Had Superboy been nothing
4  more than a derivative work, Siegel would have owned no
5  interest in the Superboy property to transfer.
6
7      Having determined that Section 304(c) applies to this
8  dispute, this Court also finds that Plaintiffs have
9  established that no genuine issue of material fact exists
10 regarding the effectiveness of their termination of the
11 Superboy copyrights.
12
13     Pursuant to 17 U.S.C. 304(c) and 37 C.F.R. §
14 201.10(b)(1)(iv), Plaintiffs' termination notices list the
15 following pre-1978 grants of Superboy: (1) the May 19, 1948
16 Agreement (stipulated settlement); and (2) the December 23,
17 1975 Agreement (where relevant, though this agreement does
18 not mention Superboy).  No post-1978 grants of rights
19 regarding Superboy exist.
20
21     Defendants argued that Plaintiffs failed to comply with
22 the termination regulations, because the termination notices
23 only list the May 19, 1948 stipulated settlement, but did
24 not list the May 21, 1948 "Final Consent Agreement."
25
26     This Court finds that no genuine issue exists that the

12

1  operative grant of "Superboy" by Jerome Siegel was the May
2  19, 1948 stipulated settlement and that the consent judgment
3  merely followed the parties' stipulation and was entered by
4  the Court two days later.  Additionally, Regulation
5  201.10(b)(1)(iv) merely requires a "brief statement
6  reasonably identifying the grant to which the notice of
7  termination applies."  In fact, Regulation 201.10(e)
8  provides that

9

10          harmless errors in a notice that do not materially
11          affect the adequacy of the information required to
12          serve the purposes of . . .section 304(c) . . .
13          shall not render the notice invalid.

14

15      Here, by listing the May 19, 1948 stipulated
16  settlement, the termination notices provide a brief
17  statement reasonably identifying the grant in question.
18  Even, if including the May 21, 1948 consent judgment would
19  have provided additional notice, its absence in no way
20  materially affected the adequacy of Plaintiffs' notice.

21

22      As Jerome Siegel's widow, Joanne Siegel owns 50% of her
23  husband's termination interest. 17 U.S.C. § 304(c)(2)(A).
24  As one of his two surviving children, Laura Siegel Larson
25  owns 25% of Siegel's termination interest.  17 U.S.C. §
26  304(c)(2)(A).  Together Plaintiffs own more than one-half of

13

1  Siegel's termination interest required to effectively
2  terminate Siegel's grant pursuant to 17 U.S.C. §304(c)(1).
3

4      Defendants argued that Plaintiffs' Superboy termination
5  notices were ineffective, because Joseph Shuster has a co-
6  ownership/joint works interest in Superboy not asserted in
7  the termination notices.   Defendants argued that since
8  Shuster has a one-half interest in Superboy, Plaintiffs only
9  have Siegel's one-half interest, not the "more than one-
10 half" needed to terminate pursuant to Section 304(c).  They
11 point to the fact that More Fun (Superboy's comic) was
12 published with the byline "Jerry Siegel and Joe Shuster."
13

14     But, while Shuster was the illustrator attached to
15 Superboy, the 1947 state court action determined that Siegel
16 was the sole originator and owner of Superboy and Siegel
17 alone possessed exclusive ownership rights.  Ownership
18 rights, which he and not Shuster, subsequently transferred
19 in the stipulated settlement.  No facts support a contrary
20 finding.
21

22     Finally, this Court finds that Plaintiffs timely and
23 properly recorded with the Copyright Office and served on
24 Defendants the notices of termination for the Superboy
25 copyrights as required by 17 U.S.C. § 304(c) and 37 C.F.R. §
26 201.10.

                              14

1   Therefore, this Court finds that Plaintiffs effectively
2   terminated Jerome Siegel's grants of the Superboy
3   copyrights, recapturing them on November 17, 2004.
4   To the extent that Defendants' Motion for Summary Judgment
5   makes a contrary request, this Court **DENIES** Defendants'
6   motion.

7

8   Also, as to Defendants, this Court **DENIES** Defendants'
9   request for a finding that the WB television show,
10  *Smallville*, does not infringe on Plaintiffs' recaptured
11  copyrights.  Defendants' argument reaches a quick and broad
12  conclusion that Plaintiffs' copyrights in Superboy protect
13  virtually nothing more than the idea of a "youth with super
14  powers."

15

16  In order to establish copyright infringement,
17  Plaintiffs must first establish ownership and then must show
18  the two following factors: (1) the defendant had access to
19  the copyrighted material; and (2) the defendant's material
20  is substantially similar to the copyrighted material.  Three
21  Boys Music Corp. v. Bolton, 212 F.3d 477, 481 (9th Cir.
22  2000).

23

24  Here, no genuine issue of material fact exists as to
25  Plaintiffs' ownership in the Superboy copyrights, nor is
26  there an issue that Defendants' had access to the Superboy

1   property.  But, because substantial similarity is
2   customarily an extremely close question of fact, summary
3   judgment has traditionally been frowned upon in copyright
4   litigation.  <u>Hoehling v. Univ. City Studios, Inc.</u>, 618 F.2d
5   972, 977 (2d. Cir. 1980).

6

7       Here, the specific question as to whether the
8   television show *Smallville* infringes on Plaintiffs' Superboy
9   copyrights requires a detailed factual comparison of each
10  property's content characteristics, much of which are
11  disputed in Plaintiffs' and Defendants' papers. Plaintiffs
12  immediately start drawing comparisons between the storylines
13  of *Smallville* and the Superboy comic strip, including the
14  cast of characters' names, personas, roles in the storyline,
15  their independent storylines, the location, etc. Enough
16  facts are presented, where this Court, contrary to
17  Defendants' request, could find that the main character in
18  *Smallville* is in fact Superboy.[6]

19

20      Therefore, this Court in construing the submitted
21  evidence in the light most favorable to the non-moving
22  party, Plaintiffs, genuine issues of material fact exist as
23  to whether Defendants' television show *Smallville* is
24  infringing Plaintiffs' copyrights.

25

26      [6] In the Superboy comic strip a billboard on the side of a rural
    country road announces, "Welcome to Smallville! Home of Superboy."

1    Therefore, Defendants' Motion for Summary Judgment is

2 DENIED.

3

4    This Court adopts Plaintiff's Findings of Fact and

5 Conclusions of Law with modifications.

6

7

8 IT IS SO ORDERED.

9                                    RONALD S.W. LEW

10                              _____
                                RONALD S.W. LEW
                                United States District Judge

11

12 DATED: March 23, 2006

13

14

15

16

17

18

19

20

21

22

23

24

25

26

17

# EXHIBIT B

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

**868 UNITED NATIONS PLAZA**
**AT FIRST AVENUE & 48TH STREET**
**NEW YORK, N. Y. 10017**

**TELEPHONE: (212) 813-5582**
**FACSIMILE: (212) 813-5901**
**E-MAIL: jweinberger@frosszelnick.com**

August 9, 2005

**BY FACSIMILE**

Marc Toberoff, Esq.
Law Offices of Marc Toberoff, P.C.
1999 Avenue of the Stars, Suite 1540
Los Angeles, California 90067

Re:   *Siegel v. Warner Bros.*, Case Nos. 04-CV-8400, 04-CV-8776 DDP (ANx)
(C.D. Cal) (Our Ref. No. DCC USA TC-0425344)

Dear Marc:

Further to my August 2, 2005 letter, we are ready to make a supplemental production of DC's non-confidential documents, numbered DCC 00000001-00004102. Please let us know at your earliest convenience how you would like to arrange for copies to be made. If you like, we can use a local vendor (at your clients' cost, of course) and arrange for documents to be sent directly from there to your offices.

Also, I enclose a draft protective order for discussion. Upon agreement, we are ready to commence DC's rolling production of confidential documents.

Very truly yours,

James D. Weinberger

cc:   Michael Bergman, Esq. (by facsimile)
David L. Burg, Esq. (by facsimile)
Patrick T. Perkins, Esq. (by email)
Roger L. Zissu, Esq.

# EXHIBIT C

# FROSS ZELNICK LEHRMAN & ZISSU, P.C.

RONALD J. LEHRMAN
DAVID WEILD III
STEPHEN BIGGER
ROGER L. ZISSU
MARIE V. DRISCOLL
RICHARD Z. LEHV
DAVID W. EHRLICH
SUSAN UPTON DOUGLASS
JANET L. HOFFMAN
PETER J. SILVERMAN
LAWRENCE ELI APOLZON
BARBARA A. SOLOMON
MARIO AIETA
MARK D. ENGELMANN
NADINE H. JACOBSON
ANDREW N. FREDBECK
CRAIG S. MENDE
J. ALLISON STRICKLAND
JOHN P. MARGIOTTA
MARIA A. SCUNGIO
LYDIA T. GOBENA
CARLOS CUCURELLA

MICHAEL I. DAVIS
SPECIAL COUNSEL

JAMES D. SILBERSTEIN
JOYCE M. FERRARO
PHILIP T. SHANNON
MICHELLE P. FORMAN
ANGELA KIM
ROBERT A. BECKER
COUNSEL

TAMAR NIV BESSINGER
MICHAEL CHIAPPETTA
EVAN GOURVITZ
NANCY B. SIORZA
ZOE HILDEN
JAMES D. WEINBERGER
DAVID I. GREENBAUM
DAVID DONAHUE
MELISSA A. ANTONECCHIA
NANCY E. SABARRA
LAURA POPP-ROSENBERG
SARA A. DOYLE
JOHN M. GALLAGHER
MELISSA A. MENDELSOHN
JUSTIN BEASLER
CHARLES T.J. WEIGELL III
ALLISON J. SINGH
MARILYN F. KELLY
CHRISTOPHER N. SIMBEL*
TODD MARTIN
AIMEE ALLEN
CAROLINE C. BOEHM

*ADMITTED IN NORTH CAROLINA

866 UNITED NATIONS PLAZA
AT FIRST AVENUE & 48TH STREET
NEW YORK, N. Y. 10017

TELEPHONE: (212) 813-5900
FACSIMILE: (212) 813-5901
E-MAIL: fzlz@frosszelnick.com

April 7, 2006

**BY FEDERAL EXPRESS**

Marc Toberoff, Esq.
Law Offices of Marc Toberoff, P.C.
1999 Avenue of the Stars, Suite 1540
Los Angeles, California 90067

Re:   *Superman Litigation*, Case Nos. 04-CV-8400, 04-CV-8776 RSWL (RZx)
(C.D. Cal) (Our Ref. No. DCC USA TC-0425344)

Dear Marc:

Enclosed please find DC Comics' privilege log.  I understand that the Warner log and production will follow shortly.  Please advise when we can get Plaintiffs' privilege log.

Very truly yours,

James D. Weinberger

Enclosure

cc:   Michael Bergman, Esq. (by email, w/o encl.)
      Anjani Mandavia, Esq. (by email, w/o encl.)
      Adam Hagen, Esq. (by email, w/o encl.)
      Patrick T. Perkins, Esq. (by email, w/o encl.)
      Roger L. Zissu, Esq. (w/o encl.)

# EXHIBIT D

Jun-05-06  10:49am    From-WEISSMANN WOLFF ETAL          310-860-7191      T-146   P.02/02   F-863

WWBCGE

VIA FAX (310)246-3101
AND US MAIL

June 2, 2006

Marc Toberoff, Esq.
Law Offices of Marc Toberoff, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

**Adam Hagen**
ahagen@wwip.com
310.860.3366

Re:   *Siegel v. Warner Bros.*, Case Nos. 04-CV-8400,
      04-CV-8776 DDP (ANx) (C.D. Cal.) (Our File No. 02231 0811)

Dear Marc:

Warner Bros. documents, numbered WB 000001 - WB 010248, are available for your inspection and copying. Please let us know what arrangements you would like to have made for inspection and copying.

Very truly yours,

Adam Hagen

AH:ac

cc.   Wayne Smith
      Roger Zissu
      Patrick Perkins
      Michael Bergman
      James Weinberger

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD NINTH FLOOR, BEVERLY HILLS, CA 90212  T 310.858.7888 F. 310.860 7191 WWW.WWLRC.COM
LAWYERS

321231_1 DOC

# EXHIBIT E

**WWBCGE**

VIA FAX (w/o Encls) (310)246-3101
AND US MAIL

June 27, 2006

Marc Toberoff, Esq.
Law Offices of Marc Toberoff, P.C.
2049 Century Park East, Suite 2720
Los Angeles, CA 90067

**Adam Hagen**
ahagen@wwip.com
310.860.3366

Re:  *Siegel v. Warner Bros.*
     Case Nos. 04-CV-8400, 04-CV-8776 DDP (ANx) (C.D. Cal.)

Dear Marc:

Enclosed please find Warner Bros.'s privilege log.

Very truly yours,

Adam Hagen

AH:ac

Enclosure

WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 WILSHIRE BLVD. NINTH FLOOR, BEVERLY HILLS, CA 90212  T: 310.858.7888 F: 310.550.7191 WWW.WWLLP.COM
LAWYERS

# EXHIBIT F

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

July 14, 2006

Via U.S. Mail & Facsimile (845) 265-2819

Patrick Perkins, Esq.
Perkins Law Office, PC
1711 Route 9D
Cold Spring, New York 10516

Re: Jean Shuster Peavy and Mark Peary

Dear Patrick:

Enclosed please find the following documents from Jean Shuster Peavy and Mark Peary
numbered 1-8 responsive to Defendants' April 10, 2006 deposition subpoenas. We
expressly reserve the right to supplement this production.

Very truly yours,

Marc Toberoff

cc:    Michael Bergman, Esq.
       James D. Weinberger, Esq.

# EXHIBIT G

## Marc Toberoff

| | |
|---|---|
| **From:** | Patrick Perkins [pperkins@ptplaw.com] |
| **Sent:** | Wednesday, August 02, 2006 8:23 AM |
| **To:** | 'Marc Toberoff'; 'Nick Williamson' |
| **Cc:** | 'Roger Zissu'; 'James Weinberger'; 'Michael Bergman'; 'Anjani Mandavia' |
| **Subject:** | Motion to Compel and for Contempt Filed in the District of New Mexico |
| **Attachments:** | 8-1-06 Memo in support of motion to compel (00004266).PDF; 8-1-06 Motion to Compel as filed (00004265).PDF; _AVG certification_.txt |

Dear Marc and Nick:

Attached hereto are defendants' Motion to Compel, For Contempt, and for Attorneys' Fees, and the Memorandum in support thereof filed yesterday in the U.S. District Court for the District of New Mexico. I apologize this was not provided to you yesterday as I had a miscommunication with Santa Fe counsel.

In light of the fact that the issue of your clients' documents is unresolved, the depositions of your clients currently scheduled for August 7 and 8 are postponed pending resolution of the document issue.

Regards,

Patrick T. Perkins
Perkins Law Office, PC
1711 Route 9D
Cold Spring, New York 10516
Tel: (845) 265-2820
Fax: (845) 265-2819
e-mail: pperkins@ptplaw.com

CONFIDENTIALITY NOTICE: The information in this electronic mail transmission is confidential, intended only for the named recipient(s), and may contain information that is privileged, attorney work product, or exempt from disclosure under applicable law. If you have received this message in error, or are not the named recipient(s), please immediately notify the sender at (845) 265-2820 and delete this email message from your computer.

.

# EXHIBIT H

Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs and Counterclaim Defendants
Joanne Siegel and Laura Siegel Larson

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10, <br><br> Defendants <hr> DC COMICS, <br><br> Plaintiffs <br><br> vs. <br><br> JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual, <br><br> Counterclaim Defendants | Civil Case No. **04-8776  RSWL (RZx)** <br><br> **MARK WARREN PEARY AND JEAN SHUSTER PEAVY'S OBJECTIONS TO TO DEFENDANTS' SUBPOENA** |

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Mark Warren Peary and Jean Shuster Peavy (the "Shusters"), pursuant to the provisions of Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, make the following objections to the subpoena duces tecum that was served on them on April 12, 2006:

**Document Category No. 1:**

All documents Concerning Superman and/or Superboy.

**Response to Document Category No. 1:**

The Shusters object to this request on the grounds that it is vague and ambiguous.  The Shusters further object to this request on the grounds that it is overbroad, burdensome and oppressive.  The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege.  Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

**Document Category No. 2:**

All documents Concerning any negotiations by or with Defendants, Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives.

**Response to Document Category No. 2:**

The Shusters object to this request on the grounds that it is vague and ambiguous, including without limitation, the phrase "any negotiations Concerning Superman and/or Superboy."  The Shusters further object to this request on the grounds that it is overbroad, burdensome and oppressive.  The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege.  Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

2

**Document Category No. 3:**

All documents Concerning any agreements with Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives Concerning Superman and/or Superboy, including but not limited to, any agreements Concerning any ownership interest in and/or revenue from Superman and/or Superboy.

**Response to Document Category No. 3:**

The Shusters object to this request on the grounds that it is vague and ambiguous, including without limitation, the phrase "any agreements Concerning any ownership interest in and/or revenue from Superman and/or Superboy." The Shusters further object to this request on the grounds that it is overbroad, burdensome and oppressive. The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

**Document Category No. 4:**

All documents Concerning any valuation of any current or potential ownership interest in Superman and/or Superboy.

**Response to Document Category No. 4:**

The Shusters object to this request on the grounds that it is vague and ambiguous, including without limitation, the phrase "any valuation of any current or potential ownership interest." The Shusters further object to this request on the grounds that it is overbroad, burdensome and oppressive. The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

3

**Document Category No. 5:**

All documents evidencing any correspondence with any third person Concerning Superman and/or Superboy.

**Response to Document Category No. 5:**

The Shusters object to this request on the grounds that it is vague and ambiguous. The Shusters further object to this request on the grounds that it is overbroad, burdensome and oppressive. The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

**Document Category No. 6:**

All documents Concerning the letter of agreement dated August 1, 1992, signed by Paul Levitz, Frank Shuster and Jean Shuster Peavy.

**Response to Document Category No. 6:**

The Shusters object to this request on the grounds that it is overbroad, burdensome and oppressive. The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents they are able to determine are responsive to this request.

Dated: August 11, 2006          LAW OFFICES OF MARC TOBEROFF, PLC

_____

Marc Toberoff
Attorneys for MARK WARREN PEARY and
JEAN SHUSTER PEAVY

4

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is: 2049 Century Park East, Suite 2720, Los Angeles, California 90067.

On August 11, 2006, I served the attached document described as **MARK WARREN PEARY AND JEAN SHUSTER PEAVY'S OBJECTIONS TO DEFENDANTS' SUBPOENA** on all interested parties in this action by placing _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Roger L. Zissu
James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017

Patrick T. Perkins
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516

Michael Bergman
WEISSMANN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212

[ ] :BY FACSIMILE:

As follows: I caused the transmission of the above named document to the fax number set forth above, or on the attached service list.

[X] :BY MAIL:

As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

:(STATE) - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

[X] :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

1   I declare under penalty of perjury that the foregoing is true and correct.

2   EXECUTED on  August 11, 2006, in Los Angeles, California.

3

4                                        Nicholas C. Williamson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PRIVILEGE LOG

| Log # | Date of Document | Identity of Recipient(s) | Identity of Author(s)r | Document Type | Privilege Claim | Present Location |
|---|---|---|---|---|---|---|
| 1 | 11/23/2001 | Mark Peary & Jean Peavy | Atty Marc Toberoff | Letter | Atty/Client | Plaintiffs' Counsel |
| 2 | 6/13/2003 | Atty John Pettker | Atty Marc Toberoff | Letter | Atty/Client | Plaintiffs' Counsel |
| 3 | 7/8/2003 | Atty Marc Toberoff | Atty John Pettker | Letter | Atty/Client | Plaintiffs' Counsel |
| 4 | 8/25/2003 | Mark Peary | Atty John Pettker | Letter | Atty/Client | Plaintiffs' Counsel |
| 5 | 9/15/2003 | Mark Peary | Atty John Pettker | Letter | Atty/Client | Plaintiffs' Counsel |
| 6 | 10/10/2003 | Mark Peary & Jean Peavy | Atty John Pettker | Letter | Atty/Client | Plaintiffs' Counsel |
| 7 | 10/27/2003 | Mark  Peary | Atty Marc Toberoff | Letter | Atty/Client | Plaintiffs' Counsel |
| 8 | 8/25/2005 | Mark Peary | Atty John Pettker | Letter | Atty/Client | Plaintiffs' Counsel |
| 9 | 4/11/2006 | Atty Marc Toberoff | Jean Peavy | Letter | Atty/Client | Plaintiffs' Counsel |
| 10 | 6/9/2006 | Atty Marc Toberoff | Mark Peary | E-mail | Atty/Client | Plaintiffs' Counsel |

| 11 | 6/9/2006 | Atty Marc Toberoff | Mark Peary | E-mail | Atty/Client | Plaintiffs' Counsel |
| 12 | 7/11/2006 | Atty Marc Toberoff | Mark Peary | Letter | Atty/Client | Plaintiffs' Counsel |
| 13 | 00/00/00 | Atty Marc Toberoff | Mark Peary | Letter | Atty/Client | Plaintiffs' Counsel |

# EXHIBIT I

# LAW OFFICES OF MARC TOBEROFF

A PROFESSIONAL CORPORATION

MARC TOBEROFF*
NICHOLAS C. WILLIAMSON

* ALSO ADMITTED IN NEW YORK

2049 CENTURY PARK EAST, SUITE 2720
LOS ANGELES, CALIFORNIA 90067

TELEPHONE
(310) 246-3333

FACSIMILE
(310) 246-3101

August 14, 2006

Via Facsimile (845) 265-2819

Patrick Perkins, Esq.
Perkins Law Office, P.C.
1711 Route 9D
Cold Spring, New York 10516

Re: Warren Peary and Jean Peavy Document Production

Dear Patrick:

Enclosed please find an additional document produced by Warren Peary and Jean Peavy
bates numbered 134- 137.

Very truly yours,

Nicholas C. Williamson

# EXHIBIT J

Marc Toberoff (CA State Bar No. 188547)
Nicholas C. Williamson (CA State Bar No. 231124)
LAW OFFICES OF MARC TOBEROFF, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067
Telephone: (310) 246-3333
Facsimile: (310) 246-3101

Attorneys for Plaintiffs and Counterclaim Defendants
Joanne Siegel and Laura Siegel Larson

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC., a corporation; TIME WARNER INC., a corporation; DC COMICS, a general partnership; and DOES 1-10,<br><br>Defendants<br><br>---<br><br>DC COMICS,<br><br>Plaintiffs<br><br>vs.<br><br>JOANNE SIEGEL, an individual; and LAURA SIEGEL LARSON, an individual,<br><br>Counterclaim Defendants | Civil Case No. **04-8776  RSWL (RZx)**<br><br>**MARK WARREN PEARY AND JEAN SHUSTER PEAVY'S AMENDED OBJECTIONS TO DEFENDANTS' SUBPOENA** |

1

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

Mark Warren Peary and Jean Shuster Peavy (the "Shusters"), pursuant to the provisions of Rule 45(c)(2)(B) of the Federal Rules of Civil Procedure, make the following amended objections to the subpoena duces tecum that was served on them on April 12, 2006:

**Document Category No. 1:**

All documents Concerning Superman and/or Superboy.

**Response to Document Category No. 1:**

The Shusters object to this request on the grounds that it is vague and ambiguous. The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents responsive to this request.

**Document Category No. 2:**

All documents Concerning any negotiations by or with Defendants, Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Represenatives.

**Response to Document Category No. 2:**

The Shusters object to this request on the grounds that it is vague and ambiguous, including without limitation, the phrase "any negotiations Concerning Superman and/or Superboy." The Shusters further object to this request to the extent it seeks documents or communications protected by the attorney/client privilege. Subject to and without waiving the foregoing objections, the Shusters will produce all non-privileged documents responsive to this request.

**Document Category No. 3:**

All documents Concerning any agreements with Plaintiffs, Dennis Larson, Michael Siegel, and/or the Shuster Representatives Concerning Superman and/or Superboy, including but not limited to, any agreements

2

1 Concerning any ownership interest in and/or revenue from Superman and/or
2 Superboy.

3 **Response to Document Category No. 3:**

4     The Shusters object to this request on the grounds that it is vague and
5 ambiguous, including without limitation, the phrase "any agreements
6 Concerning any ownership interest in and/or revenue from Superman and/or
7 Superboy." The Shusters further object to this request to the extent it seeks
8 documents or communications protected by the attorney/client privilege.
9 Subject to and without waiving the foregoing objections, the Shusters will
10 produce all non-privileged documents responsive to this request.

11 **Document Category No. 4:**

12     All documents Concerning any valuation of any current or potential
13 ownership interest in Superman and/or Superboy.

14 **Response to Document Category No. 4:**

15     The Shusters object to this request on the grounds that it is vague and
16 ambiguous, including without limitation, the phrase "any valuation of any
17 current or potential ownership interest." The Shusters further object to this
18 request to the extent it seeks documents or communications protected by the
19 attorney/client privilege. Subject to and without waiving the foregoing
20 objections, the Shusters will produce all non-privileged documents responsive
21 to this request.

22 **Document Category No. 5:**

23     All documents evidencing any correspondence with any third person
24 Concerning Superman and/or Superboy.

25 **Response to Document Category No. 5:**

26     The Shusters object to this request on the grounds that it is vague and
27 ambiguous. The Shusters further object to this request to the extent it seeks
28 documents or communications protected by the attorney/client privilege.

OBJECTIONS TO DEFENDANTS' SUBPOENA

1  Subject to and without waiving the foregoing objections, the Shusters will

2  produce all non-privileged documents responsive to this request.

3  **Document Category No. 6:**

4      All documents Concerning the letter of agreement dated August 1, 1992,

5  signed by Paul Levitz, Frank Shuster and Jean Shuster Peavy.

6  **Response to Document Category No. 6:**

7      The Shusters further object to this request to the extent it seeks

8  documents or communications protected by the attorney/client privilege.

9  Subject to and without waiving the foregoing objections, the Shusters will

10  produce all non-privileged documents responsive to this request.

11

12  Dated:  August 16, 2006       LAW OFFICES OF MARC TOBEROFF, PLC

13

14                  _____

15                          Marc Toberoff
                Attorneys for MARK WARREN PEARY and

16                  JEAN SHUSTER PEAVY

17

18

19

20

21

22

23

24

25

26

27

28

4

1

**PROOF OF SERVICE**

2

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3

     I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is:  2049 Century Park East, Suite 2720, Los Angeles, California 90067.

4

5

     On August 16, 2006, I served the attached document described as **MARK WARREN PEARY AND JEAN SHUSTER PEAVY'S AMENDED OBJECTIONS TO DEFENDANTS' SUBPOENA** on all interested parties in this action by placing _____ the original _X_ a true copy thereof enclosed in sealed envelope(s) addressed as follows:

6

7

8

James D. Weinberger
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
Facsimile No. 212-813-5901

9

10

11

Patrick T. Perkins
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516
Facsimile No. 845-265-2819

12

13

14

Michael Bergman
WEISSMAN WOLFF BERGMAN COLEMAN GRODIN & EVALL LLP
9665 Wilshire Boulevard, Ninth Floor
Beverly Hills, CA 90212
Facsimile No. 310-550-7191

15

16

17

[X]  :BY MAIL:

18

     As follows:  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

19

20

21

     :(STATE) - I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

22

23

[X]  :(FEDERAL) – I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

     I declare under penalty of perjury that the foregoing is true and correct.

25

26

     EXECUTED on August 16, 2006, in Los Angeles, California.

27

Alexander M. Merino

28

# EXHIBIT K

DC COMICS INC.
1325 Avenue of the Americas
New York, New York 10019
(212) 636-5555
FAX (212) 636-5401



Paul Levitz Executive Vice President & Publisher

Dated as of August 1, 1992

Mr. Frank Shuster                    Ms. Jean Shuster Peavy
98-120 Queens Blvd., Apt. 4K         316 Horton Lane, NW
Rego Park, NY  11374                 Albuquerque, NM  87114

Dear Mr. Shuster and Ms. Peavy:

This is to confirm our agreement to pay you, collectively, a total of $25,000 a year, payable to Jean Shuster Peavy, commencing as of August 1, 1992, for as long as either one of you is alive. Such amounts shall be payable in accordance with Warner Communication Inc.'s customary payroll practices and shall be subject to all applicable withholding taxes. If Jean Shuster Peavy shall predecease Frank Shuster, then the foregoing payments shall be made to Frank Shuster for as long as he shall live.

We ask you to confirm by your signatures below that this agreement fully settles all claims to any payments or other rights or remedies which you may have under any other agreement or otherwise, whether now or hereafter existing regarding any copyrights, trademarks, or other property right in any and all work created in whole or in part by your brother, Joseph Shuster, or any works based thereon. In any event, you now grant to us any such rights and release us, our licensees and all others acting with our permission, and covenant not to assert any claim of right, by suit or otherwise, with respect to the above, now and forever.

If, despite the terms of this agreement, either of you assert any such claim of right, for any reason, you agree to refund to us, upon the making of any such assertion, all amounts previously paid to you hereunder, and we will have no obligation to make any further payments under this agreement. We also reserve all of our other rights, remedies and defenses in such an event.

If after full consideration of the foregoing, you accept and agree to all of the above, please so indicate by signing below where indicated.

Very truly yours,

DC Comics

By: _Paul Levitz_
    Paul Levitz

ACCEPTED AND AGREED TO:

_Frank Shuster_
Frank Shuster

Dated: 10/2/92

_Jean Shuster Peavy_
Jean Shuster Peavy

Dated: 10/2/92

8

## CERTIFICATE OF SERVICE

I certify that on the 25 day of August, 2006, true and correct copies of

1. MARK PEARY AND JEAN ADELE PEAVY'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA DUCES TECUM, FOR CONTEMPT, AND FOR ATTORNEYS FEES

2. DECLARATION OF MARC TOBEROFF, ESQ. IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTSPURSUANT TO SUBPOENA DUCES TECUM, FOR CONTEMPT, AND FOR ATTORNEYS FEES

were served by regular US Mail postage prepaid to the following individuals:

Benjamin Allison
SUTIN THAYER & BROWNE, P.C.
Post Office Box 2187
Santa Fe, NM 87504

Patrick T. Perkins
PERKINS LAW OFFICE, P.C.
1711 Route 9D
Cold Spring, NY 10516

*Counsel for Movants*

JAY GOODMAN, ATTORNEY AT LAW, P.C.

BY: _____
       D. Scott Riedel, Esq.