UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

FILED
at Santa Fe, NM

SEP 11 2006

MATTHEW J. DYKMAN
CLERK

IN RE: SUBPOENAS *DUCES TECUM* ISSUED BY THE U.S. DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO IN:

Case No. MC-06-20 MV

JOANNE SIEGEL and LAURA SIEGEL LARSON,

    Plaintiffs,

v.

WARNER BROS. ENTERTAINMENT INC., et al.,

    Defendants.

Case Nos. CV 04-8400; 04-8776
(Consolidated for Discovery Purposes)

Action Pending in the U.S. District Court for the Central District of California

### REPLY DECLARATION OF PATRICK T. PERKINS IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS PURSUANT TO SUBPOENA *DUCES TECUM*, FOR CONTEMPT, AND FOR ATTORNEYS' FEES.

Patrick T. Perkins, declares as follows:

1.     I am counsel for Defendants on this motion as well as in connection with the above-referenced litigations pending in the U.S. District for the Central District of California (the "California Litigations"). I submit this declaration in support of the instant motion. The facts stated herein are based upon my own personal knowledge and upon my review documents.

2.     Among the few documents produced by the Shuster Heirs after this motion was filed was a series of business agreements relating to Superman between the Shuster Heirs and a corporation owned by their counsel.



3. In their opposition to the instant motion, the Shuster Heirs' counsel accuses the Defendants of discovery misconduct in the California Litigations. However, the Shuster Heirs' Counsel fails to disclose that Defendants began producing documents on a rolling basis on June 13, 2005 and that, to date, thousands of comic books and over 67,000 numbered pages of documents have been available for review and for copying and that he has *never* reviewed or copied them, aside from a small 5000 page production made available in September 2005.

4. Moreover, due to the *California Plaintiffs'* discovery misconduct, Movants have had to initiate no fewer than four discovery motions under the Central District of California's joint stipulation procedures for discovery motions. There is no pending discovery issue with regard to Movants and the California Plaintiffs have filed no such motions.

5. Attached as Exhibit 1 hereto is a copy of Defendant DC Comics' First Amended Counterclaims in Case No. 04-8400 RSWL (RZx).

6. Attached as Exhibit 2 hereto is a copy of Defendant DC Comics' First Amended Counterclaims in Case No. 04-08776 RSWL (RZx).

7. Defendants attached a deficiency letter dated July 18, 2006 as Exhibit 20 to their moving papers, which letter demanded a response no later than July 25, 2006. The Shuster Heirs fail to disclose that *they never responded* until *after* the instant motion was filed.

8. The Shuster Heirs supplemented their production on August 11, 2006 with an additional 128 pages of documents. However, of those 128 pages, 41 were made up of a copy of the Shuster Heirs' Notice of Termination served upon Movants in November 2003. Another eight pages were made up of correspondence between the Shuster Heirs and Movant DC Comics. Also produced with the supplemental production was a two-page privilege log identifying 13 purportedly privileged documents.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on September 11, 2006 in Cold Spring, New York.

_____
Patrick T. Perkins

THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE.