**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

IN RE: SUBPOENAS *DUCES TECUM*
ISSUED BY THE U.S. DISTRICT COURT No. MC-06-20 MV
FOR THE DISTRICT OF NEW MEXICO IN:

JOANNE SIEGEL and Case Nos. CV 04-8400; 04-8776
LAURA SIEGEL LARSON, (Consolidated for Discovery Purposes)

 Plaintiffs,

 Action Pending in the U.S. District Court
v. for the Central District of California

WARNER BROS. ENTERTAINMENT
INC., et al.,

 Defendants.


**MEMORANDUM OPINION AND ORDER**

 **THIS MATTER** comes before the Court on Defendants' Motion to Compel Production of Documents Pursuant to Subpoena *Duces Tecum*, for Contempt, and for Attorney's Fees (Doc. No. 1, filed August 1, 2006). For the reasons stated below, the Court will **DENY** the Motion. Having denied the Motion, and with no other matters pending in this case, the Court will **DISMISS** this case.

**Factual and Procedural Background**

 Jerome Siegel and Joseph Shuster created the first Superman comic published in 1938. (*See* Memorandum in Support of Motion ("Mem."), Doc. No. 2, filed August 1, 2006, at 2; Mark Peary and Jean Peavy's Mem. in Opposition ("Resp."), Doc. No. 5, filed August 25, 2006, at 2, 4). Siegel was the coauthor of the Superman comic books and the sole author of the Superboy comic books. (*See* Resp. at 2). Shuster was the illustrator of the original Superman comic books. (*See* Resp. at 4).

Plaintiffs Joanne Siegel and Laura Siegel Larson are the widow and daughter of Jerome Siegel. (*See* Mem. at 2). The Siegels instituted two actions ("the Siegel Litigations") in the United States District Court for the Central District of California, one regarding their purported termination of copyright grants relating to literary works featuring the Superman character, the other a similar action regarding the Superboy character. (*See* Mem. at 2204; Resp. at 2-3). Movants Warner Bros. Entertainment Inc., Time Warner Inc., Warner Communications Inc., Warner Bros. Television Production Inc., and DC Comics ("Movants") are defendants in the two actions which have been consolidated for discovery purposes. (*See* Mem. at 2).

On April 12, 2006, Movants served subpoenas *duces tecum* on Jean Shuster Peavy and her son Mark Warren Peary ("the Shuster Heirs"). Ms. Peavy and Mr. Peary, both residents of Santa Fe, are the sister and nephew of Joseph Shuster, one of the co-creators of Superman. (*See* Mem. at 2). The subpoenas required the Shuster Heirs to appear for depositions and to produce documents for use in the Siegel Litigations. (*See* Mem. at 8-10). Neither of the Shuster Heirs is a party to the Siegel Litigations. (*See* Resp. at 4).

Beginning on May 3, 2006 and continuing until July 13, 2006, counsel for the Movants sent several e-mails to counsel for the Shuster Heirs to schedule depositions and to follow up on the status of document production. (*See* Mem. at 5-7). On July 14, 2006, the Shuster Heirs' counsel faxed eight pages of documents and, in a cover letter, reserved the right to supplement the production. (*See* Mem. at 7). Counsel for the Shuster Heirs did not include a privilege log with the production and did not object to the subpoenas. (*See* Mem. at 7). On July 18, 2006, Movants' counsel sent a letter to the Shuster Heirs' counsel outlining purported deficiencies in the document production and demanding production of all responsive documents no later than July 25, 2006. (*See* Mem. at 7-8).

Having not received supplemental production by August 1, 2006, Movants' counsel filed the Motion to Compel that is currently before this Court. (*See* Mem. at 8). The Shuster Heirs do not dispute this timeline of activities which is taken from Movants' Memorandum in Support. (*See* Resp. at 1-7).

On August 11, 2006, counsel for the Shuster Heirs provided supplemental production, objections and a privilege log. (*See* Decl. of Marc Toberoff, Doc. No. 6, filed August 25, 2006, ¶ 18). Counsel for the Shuster Heirs produced an additional document on August 14, 2006. (*See Id.*, ¶ 19). In response to a comment from one of Movants' counsel, the Shuster Heirs amended their Objections to Defendants' Subpoenas and served the Amended Objections on August 16, 2006.

**No Waiver of Right to Object to Production of Documents**

Movants ask the Court for an order compelling the Shuster Heirs to produce, without objection, documents responsive to the subpoenas. Movants argue that the Shuster Heirs waived their right to object to the subpoenas by failing to make a timely written objection pursuant to Federal Rule of Civil Procedure 45(c)(2)(B). The Court disagrees.

Any written objection to a subpoena for production of documents must be served before the earlier of (1) the time specified for compliance, or (2) 14 days after the subpoena is served. FED. R. CIV. P. 45(c)(2)(B). If no timely written objection is served, the person subject to the subpoena generally waives any objection to production as commanded by the subpoena. *See McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002).

Here, it is undisputed that the Shuster Heirs failed to make timely objections to the subpoenas. Nonetheless, "in unusual circumstances and for good cause, . . . the failure to act timely will not bar consideration of objections [to a Rule 45 subpoena]." *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002). "The failure to serve a timely written objection to production or

inspection may be excused, however, if the court finds unusual circumstances and good cause for the failure, such as one or more of the following: (1) the subpoena is overbroad on its face and exceeds the bounds of fair discovery; (2) the subpoena is directed to a non-party acting in good faith; or (3) counsel for the witness and the party serving the subpoena were negotiating compliance before the challenge." 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.41[1][c] (3d ed. 2006); *McCoy v. Southwest Airlines Co.*, 211 F.R.D. 381, 385 (C.D. Cal. 2002) (same). Here, the Court finds good cause and unusual circumstances in this case and concludes that the failure of the Shuster Heirs to timely file their objections does not constitute a waiver of their right to object.

The Court finds the subpoenas are overbroad on their face. A subpoena is overbroad where the "request is not limited to materials that may be relevant or lead to the production of admissible evidence nor is it restricted to the relevant time period." *Alexander v. F.B.I.*, 186 F.R.D. 21, 35 (D.C. 1998). The subpoenas request, among other things, "All Documents Concerning Superman and/or Superboy" and "All Documents evidencing any correspondence with any third person Concerning Superman and/or Superboy." (Mem., Exs. 1 and 2). The subpoenas do not limit these two categories of documents to any relevant time period. Counsel for the Shuster Heirs points out that because Superman and Superboy were created in or about 1934 and 1938-1940, respectively, the document request covers a time span of over 70 years. (*See* Resp. at 12).

The Court also finds that the subpoenas exceed the bounds of fair discovery. The scope of discovery as defined by Fed. R. Civ. P. 26(b)(1), "any matter . . . relevant to the subject matter involved in the pending action," should be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). However, discovery of matter

4

not reasonably calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1). "[T]o the extent a subpoena sweepingly pursues material with little apparent or likely relevance to the subject matter it runs the greater risk of being found overbroad and unreasonable." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 50 (S.D. N.Y. 1996). The vague requests for "all documents concerning Superman and/or Superboy" and "all documents evidencing any correspondence with any third person concerning Superman and/or Superboy" over a 70-year period go beyond a reasonable attempt to identify documents pertinent to the Siegel Litigations.

Counsel for the Shuster Heirs states, and Movants do not dispute, that the Shuster Heirs are not parties to the Siegel Litigations. (*See* Resp. at 4). "The status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D. N.Y. 1996); Fed. R. Civ. P. 45(c)(2)(B) ("an order to compel production shall protect any person who is not a party . . . from significant expense."). The Court considers the Shuster Heirs' status as non-parties relevant to determining their untimely filing of objections to the subpoenas bars this Court's consideration of their objections. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 52 (S.D. N.Y. 1996) (non-party that has no interest in outcome of litigation should not be subject to the same burden of production that a party is subject).

The Court is not persuaded by Movants' argument that the Shuster Heirs did not act in good faith. Movants point to their eight inquiries regarding document production, the Shuster Heirs' purported attempt to rush depositions before producing the documents, the Shuster Heirs' claim that they produced all documents, and the fact that the Shuster Heirs produced documents after the Movants' filed the Motion currently before the Court. (*See* Reply at 9-11). While these facts may

indicate mistake, negligence or poor judgment on the part of the Shuster Heirs or their counsel, they do not demonstrate that the Shuster Heirs acted with ill will or intentionally refused to fulfill their duty pursuant to the subpoenas.

Because it finds unusual circumstances and good cause, the Court will deny the Movants' Motion for an order compelling the Shuster Heirs to produce, without objection, documents responsive to the subpoenas *duces tecum* issued by this Court in the Siegel Litigations.

**Contempt for Failure to Produce Documents and Attorneys' Fees**

The Movants also request that the Court hold the Shuster Heirs in contempt for their failure without adequate excuse to comply with the subpoenas and require the Shuster Heirs to reimburse the Movants' attorneys' fees incurred in making the Motion presently before the Court. Because it concludes the Shuster Heirs did not waive their right to object to the subpoenas, the Court will not hold the Shuster Heirs in contempt. Nor will the Court order the Shuster Heirs to reimburse Movants' attorneys' fees.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Production of Documents Pursuant to Subpoena *Duces Tecum*, for Contempt, and for Attorney's Fees (Doc. No. 1, filed August 1, 2006) is hereby **DENIED.**

**IT IS FURTHER ORDERED** that as there are no other pending matters, this case is **DISMISSED.**

Dated this 3rd day of November, 2006.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Movants:*

Benjamin Allison
Sutin Thayer & Brown, P.C.
P.O. Box 2187
Santa Fe, NM 87504

Patrick T. Perkins
Perkins Law Office, PC
1711 Route 9D
Cold Spring, NY 10516

*Attorneys for Mark Peary and Jean Adele Peavy:*

D. Scott Riedel
Jay Goodman, Attorney at Law, PC
2019 Galisteo, #C3
Santa Fe, NM 87505

Marc Toberoff
Law Offices of Marc Toberoff, PLC
2049 Century Park East, Suite 2720
Los Angeles, CA 90067